Nabil **KHALIL** and Haifa Khalil, on their own behalf and on behalf of their minor children Mohammad Khalil, Nadeem Khalil, and Jenna Khalil,

and

Randall Thomas and Abby Thomas, on their own behalf and on behalf of their minor children Bennett Thomas, Kinley Thomas, Evan Thomas, and Delaney Thomas,

and

Jude Banahene and Eva Banahene, on their own behalf and on behalf of their minor children Francisca Banahene, Patricia Banahene, and William Banahene, Plaintiffs–Appellants,

v.

The **FARASH CORPORATION,** Jaylynn Inc., and Max Farash, Defendants–Appellees.

No. 06–4867–cv.

United States Court of Appeals, Second Circuit.

May 7, 2008.

1. The appeal of Defendant–Appellant Jorge Castillo, No. 06–0742–cr, is resolved by separate order of the Court.

Laurie M. Lambrix, of counsel, Monroe County Legal Assistance Center, Rochester, NY, for Plaintiffs–Appellants.

Thomas S. D'Antonio, Joseph G. Curran, Kathleen T. Carter, of counsel, Ward Norris Heller & Reidy, LLP, Rochester, NY, for Defendants–Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Nabil and Haifa Khalil ("the Khalils"), Randall and Abby Thomas ("the Thomases"), and Jude and Eva Banahene ("the Banahenes"), each on their own behalf and on behalf of their minor children, appeal from a decision by the United States District Court for the Western District of New York (Larimer, J.), granting summary judgment to defendants-appellees The Farash Corporation, Jaylynn, Inc., and Max Farash ("Farash"), on plaintiffs' claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Plaintiffs argue that the district court erred in finding that they had not established a *prima facie* case of disparate treatment under §§ 3604(a) and (b) of the FHA. With respect to the § 3604(b) claim, plaintiffs have not shown that Rule 1 of the Residential Rules and Regulations ("Rule 1") applies only to children or families with children, thereby discriminating against tenants with children in a "term, condition, or privilege[ ]" of rental. *See* 42 U.S.C. § 3604(b). The record evidence

shows that lease violation notices were sent to plaintiffs when their children were playing sports or congregating loudly in the areas surrounding the townhouses, activities that were also prohibited to adults, and for which adult tenants also received lease violation notices. As Rule 1 resulted in citations against both tenants with and without families, we cannot find that plaintiffs established a *prima facie* case of disparate treatment under § 3604(b).

■ The Khalils and Banahenes did, however, establish a *prima facie* case of discrimination under § 3604(a) based on the "refus[al] to sell or rent . . . or otherwise make unavailable or deny" a rental unit on account of familial status. *See* 42 U.S.C. § 3604(a). They are families with children, a class protected by the statute, who sought to extend and were qualified to extend their leases. The Khalils received a lease non-renewal notice, and the Banahenes did not receive a renewal of their 30–day lease extension.[1] Both families' units were subsequently leased to other tenants. *See Mitchell v. Shane,* 350 F.3d 39, 47 (2d Cir.2003) (requiring a plaintiff to show membership in protected class, application and qualification for housing, and subsequent rejection even though housing remained available in order to make out a *prima facie* claim under § 3604(a)). Nonetheless, the district court correctly granted summary judgment in favor of defendants because the plaintiffs failed to show that Farash's reasons for denying the lease extensions were pretextual. *See Soules v. HUD,* 967 F.2d 817, 822 (2d Cir.1992). Farash stated that the Khalils and Banahenes were denied lease extensions for failing to comply with Rule 1. It provided evidence that tenants without children received lease violation notices

---

1. The Thomases moved out of Chateau Square voluntarily, before their lease expired, and allege a § 3604(a) disparate treatment claim on a hostile environment theory, addressed separately above.

and were denied lease renewals for failure to comply with Rule 1. It further explained that enforcement of Rule 1 promoted safety, avoided property damage, and ensured tenants quiet enjoyment of the property. The plaintiffs do not provide evidence—either direct or circumstantial—from which a reasonable jury could conclude by a preponderance of the evidence that the decision not to renew plaintiffs' leases was based, at least in part, on impermissible discrimination against families with children. *See Holcomb v. Iona College*, 521 F.3d 130, 141–42 (2d Cir.2008).

Assuming, without deciding, that a plaintiff may state an FHA claim of discrimination against families with children based on a hostile housing environment theory, we conclude that the Thomases failed to introduce any record evidence of severe or persistent harassment that would support such a claim. *Cf. Patane v. Clark*, 508 F.3d 106, 113 (2d Cir.2007) (stating that hostile work environment claim under Title VII requires showing "that the complained of conduct ... is objectively severe or pervasive" (internal quotation marks omitted)); *see also Neudecker v. Boisclair Corp.*, 351 F.3d 361, 364–65 (8th Cir.2003) (permitting FHA claim for disability harassment); *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir.1996) (recognizing hostile housing environment claim for sexual harassment under the FHA).

■ Plaintiffs further assert that the district court erred in finding that they did not establish a *prima facie* case of disparate impact under the FHA. This argument is without merit. The record does not indicate that enforcement of Rule 1 resulted in a "significantly adverse or disproportionate impact" on families with children. *See Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 575 (2d Cir.2003) (establishing disparate impact *prima facie* case requires showing, *inter alia*, a "signif-

icantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices") (citation omitted). The record shows that six families with children received lease violation notices, and two of those families received lease non-renewal notices. Yet similar lease violation and lease non-renewal notices were issued to three sets of adult tenants without children. These numbers fail to demonstrate that the enforcement of Rule 1 resulted in a "disproportionate impact" on families with children. *See id.* Similarly, the record does not demonstrate that enforcement of Rule 1 led to under-representation of the protected class, as at the initiation of this suit 31 of the 54 units in Chateau Square housed at least one child. *See Hack v. President & Fellows of Yale Coll.*, 237 F.3d 81, 91 (2d Cir.2000) (finding no FHA claim when plaintiffs failed to allege that contested policy would result in under-representation of the protected class), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Plaintiffs also argue that a material issue of fact exists regarding their disparate impact claim because they presented evidence that all lease violation notices citing the language of Rule 1 were received by families of children. We agree with the district court that this assertion is problematic, at best. Few lease violation notices, whether to tenants with or without children, explicitly reference any rule. Moreover, lease violation notices sent to adult households without children allude to Rule 1 without quoting it explicitly. Because plaintiffs were unable to show that enforcement of Rule 1 resulted in either a disproportionate impact on or under-representation of families with children, they have failed to establish a *prima facie* case of disparate impact under the FHA.

For the foregoing reasons, the judgment of the district court is AFFIRMED.